Dear Mr. Butler:
This opinion is issued in response to your predecessor's request concerning the following question:
 "Does the guaranteed home purchase program violate Section 339.100, RSMo?"
This opinion is based upon an interpretation of the provisions of Section 339.100, Senate Bill No. 811, 79th General Assembly, Second Regular Session. Section 339.100.2(12) provides in pertinent part:
 "2. The commission may cause a complaint to be filed with the administrative hearing commission as provided by law when the commission believes there is a probability that a licensee has performed or attempted to perform any of the following acts:
* * *
 (12) Using prizes, money, gifts or other valuable consideration as inducement to secure customers to purchase, lease, sell or list property when the awarding of such prizes, money, gifts or other valuable consideration is conditioned upon the purchase, lease, sale or listing; or soliciting, selling or offering for sale real property by offering free lots, or conducting lotteries or contests, or offering prizes for the purpose of influencing a purchaser or prospective purchaser of real property;"
The submitted facts indicate that a guaranteed home purchase program is a method used by brokers to encourage potential customers to list their home for sale with a particular real estate company or to purchase a listed home. The broker usually promises in his advertising that his company will guarantee that a seller's home will be sold by a certain date, if the home meets certain unspecified criteria. If the home is not sold the broker promises that his company will purchase the home for a certain percentage of the fair market value of the property.
Examples of the advertising utilized in connection with a guaranteed home purchase program include the following:
 "1) If your home qualifies, the X company will purchase your home at the fair market value, at a specified time, in order for you to purchase another home, meet a transfer date, or relieve you of the burden of temporary financing.
 "2) For prime property, when you list the guaranteed way it's sold, we guarantee it in writing.
 "3) Up to 92% guaranteed for property that qualifies when you list the guaranteed way it's sold, we guarantee it in writing.
 "4) Up to 94% guarantee sale of your house on a 60-90-120 day listing, when you list the guaranteed way it's sold.
 "5) Guaranteed sales program, with 95% advanced equity available. When you decide to purchase a pre-owned or new home, an agreement can be arranged on your present home which guarantees your home will be sold by the time specified in the agreement."
Subsection (12) replaces former Section 339.100(11), RSMo 1969, which stated:
 "The commission may upon its own motion, and shall upon written complaint filed by any person, investigate the business transactions of any real estate broker or real estate salesman and shall have the power to suspend or revoke any license obtained by false or fraudulent representation or if the licensee is performing or attempting to perform any of the following acts or is deemed to be guilty of:
* * *
 "(11) Soliciting, selling, or offering for sale real property by offering free lots, or conducting lotteries, or contests, or offering prizes for the purpose of influencing a purchaser or prospective purchaser of real property."
The altered language is relevant to the facts under consideration in this opinion because the new subsection prohibits the use of other valuable consideration as an inducement to purchase or list property when receipt of the consideration is conditioned upon the purchase or listing.
The extensive advertising of guarantees demonstrates that the programs are being utilized to attract listings or to influence potential purchasers. Such programs are therefore used as inducements.
The primary question is whether such guarantees or promises constitute valuable consideration within the meaning of Section339.100(12). The term "consideration" is frequently defined by the courts with reference to the validity of contracts. The Missouri Supreme Court has stated that:
 ". . . A valuable consideration `may consist of some right, interest, profit or benefit accruing to one party, or some forbearance, loss or responsibility given, suffered or undertaken by the other.' . . ." Charles F. Curry and Company v. Hedrick, 378 S.W.2d 522, 533 (Mo. 1964).
A similar position was recently expressed in Reed, RobertsAssociates, Inc. v. Bailenson, 537 S.W.2d 238, 240 (Mo.Ct.App. at St. L. 1976):
 ". . . Consideration is something moving from one party to the other; and it can be in form of a legal benefit or detriment. . . ."
The most applicable Missouri case is Mohawk Real EstateSales, Inc. v. Crecelium, 424 S.W.2d 86, 90-91 (St.L. Ct.App. 1968). In Mohawk the court held that a legal obligation to buy a parcel of real property if the owner decided not to retain it within three years was adequate consideration to validate the remaining terms of the contract. The court stated:
"`(1) Consideration for a promise is
(a) an act other than a promise, or
(b) a forbearance, or
 (c) the creation, modification or destruction of a legal relation, or
(d) a return promise,
 bargained for and given in exchange for the promise.
 (2) Consideration may be given to the promisor or to some other person. It may be given by the promisee or by some other person.'"
Any broker who contractually promises to purchase the real property of a customer upon the occurrence of certain conditions is suffering a legal detriment. In return the owner promises to list his property with the broker. It is evident that the broker's guarantee is a form of valuable consideration covered by the terms of subsection (12).
Furthermore, since no guarantee is forthcoming if the property is not listed with the broker, the offered inducement is entirely conditional in nature. Therefore, the third requirement set forth in subsection (12) is met.
In summary, it is our opinion that if a guaranteed sales program is used to attract listings or influence potential buyers then subsection (12) is applicable.
CONCLUSION
It is the opinion of this office that the use of a guaranteed home purchase program as an inducement to obtain customers is a violation of Section 339.100(12), Senate Bill No. 811, 79th General Assembly, Second Regular Session.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Jerry L. Short.
Very truly yours,
 JOHN ASHCROFT Attorney General